Rico Manio TURINGAN, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71950.

Agency No. A70–959–116.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Lisa D. Pickering, Koronberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Thankful T. Vanderstar, Terri J. Scadron, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON,
and GRABER, Circuit Judges.

MEMORANDUM **

Rico Manio Turingan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Substantial evidence supports the IJ's adverse credibility finding because the IJ gave specific, cogent reasons for finding petitioner's testimony inconsistent, implausible, and lacking in detail and specificity. *See id.* at 1043; *Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Because these implausibilities went to the heart of his asylum claim, including why he entered a military base, how he trespassed onto the base, and his flight and the attempts on his life, substantial evidence supports the denial of asylum. *See Chebchoub,* 257 F.3d at 1043.

■ Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

The contention that the BIA's decision violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–851 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon the issuance of the mandate.

PETITION FOR REVIEW DENIED.